IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 7 |
| ARTHUR L. WILLIAMS, II, | * | |
|     Debtor | * | CASE NO: 1:09-bk-04781 MDF |
| | * | |
| ROBERTA A. DeANGELIS, | * | ADV. NO: 1:10-ap-00474 MDF |
| UNITED STATES TRUSTEE | * | |
|     Movant/Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| ARTHUR L. WILLIAMS, II, | * | |
|     Respondent/Defendant | * | |
| | * | |

**OPINION**[1]

Before the Court is the Motion of the United States Trustee ("UST") for Partial Summary Judgment on her request that Debtor's discharge be denied under 11 U.S.C. § 727(a)(2). For the reasons set forth in this Opinion, a ruling on the Motion will be reserved until the parties have had the opportunity to file briefs on the evidentiary record as a whole.

## I. Procedural History

Debtor filed a Chapter 13 petition on June 22, 2009, which was converted to Chapter 7 on October 6, 2010. The UST filed her original complaint seeking denial of Debtor's discharge on December 20, 2010 under 11 U.S.C. § 727(a)(4). The complaint was first amended on May 12, 2011. Trial was held on the amended complaint on September 19, October 4, and October 17, 2011. On October 12, 2011, in the middle of the trial on the amended complaint, the UST filed her Second Motion to amend to conform the averments of the amended complaint to the

---

[1]This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(J).

evidence presented at trial, adding a second count under 11 U.S.C. § 727(a)(2). The Court granted the motion to amend over Debtor's objection but indicated on the record that Debtor would be given the opportunity to provide additional evidence to rebut any new allegations set forth in the amendment.[2] The UST filed the Second Amended Complaint on November 8, 2011 to which Debtor filed an Answer on December 15, 2011.

On December 22, 2011, the UST filed the instant Motion for Partial Summary Judgment on the § 727(a)(2) count added to the Second Amended Complaint. Debtor filed his answer to the Motion on January 18, 2012. The UST and Debtor filed statements of material facts on January 5, 2012 and January 25, 2012, respectively.

## II. Discussion

The standard for summary judgment is set forth in Federal Rule of Civil Procedure ("Fed R. Civ P.") 56.[3] Summary judgment shall be entered if the movant demonstrates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) and (c). In deciding a summary judgment motion, a court's job is not to weigh the evidence but to decide whether there is a genuine issue for trial. *Knauss v. Dwek*, 289 F. Supp.2d 546, 549 (D. N.J. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249

---

[2]Further hearing in this matter scheduled for February 15, 2012 will be cancelled. The Court has reviewed the UST's Motion, Debtor's Answer thereto, the Second Amended Complaint, Debtor's Answer thereto, and the Statement of Material Facts of both parties. The Court finds that any further testimony to address the amendment would be redundant and further hearing is unnecessary. The issue of Debtor's intent in 2008 when he titled a vehicle in the name of his partner was fully explored by both parties during the three days of trial on the Second Amended Complaint.

[3]Federal Rule of Civil Procedure 56 is made applicable to adversary proceedings pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure.

2

(1986)). The usual rule is that in deciding a summary judgment motion, a court does not weigh evidence, but only decides whether there is a genuine issue for trial. *Knauss*, 289 F. Supp.2d at 549 (citing *Anderson*, 477 U.S. at 249).

A scheduling order was entered in this case on January 20, 2011 requiring the parties to file dispositive motions within 120 days of the date of the scheduling order (i.e. on or before May 20, 2011). The UST filed her Motion on December 22, 2011, seven months after the deadline. More significant, the Motion was filed *after* three days of trial rather than *before* trial as anticipated by Rule 56.

The UST asserts that all the elements of § 727(b)(2) have been established on the record and that judgment may entered in her favor as a matter of law. Her request is more properly considered as a motion for judgment on partial findings under Fed. R. Civ. P. 52(c).[4] Rule 52(c) provides that "if a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed R. Civ. P. 52(c). When a court enters judgment on partial findings, the judgment must be supported by findings of fact and conclusions of law. *Id.*

Rule 52(c) often is invoked in one of two situations : (1) a plaintiff has not established the legal or factual elements of his claim, or (2) the plaintiff's own evidence has established one of the defendant's defenses as a matter of fact or law. *CMS Software Design Systems v. Info Designs, Inc.,* 785 F.2d 1246, 1248 (5th Cir. 1986). But judgment as a matter of law may be

---

[4]Fed. R. Civ. P. 52 is made applicable to adversary proceedings pursuant to Fed. R. Bankr. P. 7052.

3

entered against either the plaintiff or the defendant if the other party is afforded the opportunity to be fully heard on the relevant issues prior to judgment. *Id.* Once that right has been honored, the trial court does not have to consider the evidence in a light most favorable to the non-moving party as it does in a Rule 56 motion. Rather, the court makes findings of fact and conclusion of law based on the evidence presented and assesses whether a plaintiff's prima facie case has been established. *Celotex Corp. v. AIU Insurance Co. (In re Celotex)*, 216 B.R. 867, 871 (Bankr. M.D. Fla. 1997).

The UST argues that testimony has been offered by both parties on the issue of whether Debtor should be denied a discharge under § 727(b)(2). I agree. This issue was fully explored on both direct and cross examination several times during the multi-day trial. No further testimony will be taken on either count asserted by the UST. However, I decline to rule on the UST's Motion at this time. A decision under Rule 52(c) requires the Court to issue findings of fact and conclusions of law. Because this adversary has been fully litigated, judicial economy will be served best by deciding both counts together and by rendering one opinion and order. The UST's Motion for Partial Summary Judgment will be treated as a request for judgment on partial findings under Rule 52(c) and will be held in abeyance until after the parties are provided with an opportunity to file briefs on all issues before the Court.

**By the Court,**

*/s/ Mary D. France*
Chief Bankruptcy Judge

Date: February 8, 2012